HESTER O'BRIEN *v.* D. H. EDMONSON.

**Bills and Notes—Interest—Presumption.**

A court can not presume that the parties, in the renewal of a note, erred in the calculation of the interest due.

APPEAL FROM BOURBON CIRCUIT COURT.

December 10, 1873.

OPINION BY JUDGE LINDSAY:

In this case it was incumbent upon appellee to show, by a preponderance of evidence, that the debt for $325, which was afterwards embraced in the note of July 1, 1870, for $449.73, was credited prior to the 1st of June, 1866. The theory of appellee is that the first note bore date April, 1866. Appellant claims that the date was December, 1866.

The personal recollection of the witnesses testifying on either side is widely different, so much so that it woud be impossible to conclude, from the statements based upon recollection alone, that appellee had made out his case.

It is clear, however, that the note for $449.73, was the renewal of a note for $325, that this first note bore interest at the rate of 8 per. cent. per annum, and that this interest was annually compounded. If the first note was dated in December, 1866, compound interest at 8 per cent. up to July 1, 1870, the date of the last note, would increase the amount then due to a few cents less than $432, or near $18.00 less than the amount of the note of July 1, 1866.

Upon the controversy, if we accept the theory of appellee that the date of the first note due was April, 1866, then interest at 8 per cent., annually compounded, makes the amount due July 1, 1866, very nearly if not the exact amount of the note of July, 1870.

We can not assume that the parties erred in their calculation of interest due when the last note was executed; and without so assuming the results above stated led necessarily to the conclusion that the date of the first note was April, 1866. We must therefore affirm the judgment of the circuit court.

*T. F. Hargis* for appellant.

*Cunningham, Palin,* for appellee.